UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |
|---|---|
| Samantha Leigh Aldridge, | : |
|  | : |
|  | : Civil Action No.: 5:19-cv-1013 |
| Plaintiff, | : |
| v. | : |
|  | : |
| Checkr, Inc., | : **COMPLAINT** |
|  | : |
| Defendant. | : |
|  | : |
|  | : |

For this Complaint, the Plaintiff, Samantha Leigh Aldridge, by undersigned

counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's violation of the Fair Credit Reporting Act,

15 U.S.C. § 1681, *et seq.* (the "FCRA").

2.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendant transacts business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.      The Plaintiff, Samantha Leigh Aldridge ("Plaintiff"), is an adult individual

residing in San Antonio, Texas, and is a "consumer" as the term is defined by 15 U.S.C. §

1681a(c).

5.      The Defendant, Checkr, Inc. ("Checkr"), is a California business entity with an

address of 1 Montgomery Street, San Francisco, California.  Checkr is a consumer reporting

agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by

15 U.S.C. § 1681(a)(u).  Checkr regularly engages in the business of assembling, evaluating, and

dispersing information concerning consumers for the purpose of furnishing consumer reports, as

defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6.      In January 2019, Plaintiff applied to drive for Uber, Uber Eats, DoorDash and

Lyft, on-demand transportation and food delivery companies ("Potential Employers").

7.      Thereafter, Potential Employers submitted Plaintiff's information to Checkr for

background screening reports.

8.      Checkr performed the background screening reports, which included a criminal

records search, and furnished the results to the Potential Employers.

9.      Upon receipt of the reports, Plaintiff was informed that she could not drive for the

Potential Employers.

10.      The criminal activity section of the  reports provided by Checkr inaccurately

showed that Plaintiff had 19 criminal charges against her.

11.      However, all 19 of the charges were attributable to another person with the same

name as Plaintiff.

12.      Plaintiff disputed the inaccurate reports with Checkr, and upon reinvestigation,

Checkr advised Plaintiff that the reports were accurate and refused to correct them.

13.      The inaccurate reports contain damaging information to Plaintiff's character and

reputation.

14.      In addition to having her job applications denied, which prevented Plaintiff from

working, Plaintiff has suffered actual damages in the form of harm to reputation and emotional

distress, including anxiety, frustration, embarrassment and humiliation.

15.     Checkr failed to take any steps to verify the accuracy of the information contained in Plaintiff's reports before furnishing them to the Potential Employers, and failed to reasonably reinvestigate the accuracy of the reports after Plaintiff disputed them.

16.     At all times pertinent hereto, the conduct of Checkr, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

## COUNT I
## VIOLATIONS OF THE FCRA 15 U.S.C. § 1681, et seq.

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

19.     Defendant violated §§ 1681e(b) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

20.     15 U.S.C. § 1681k(a) provides that "[a] consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall – (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record

information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. . . ."

21.     Defendant violated § 1681k(a) by failing to notify Plaintiff at the time it submitted its report to the Potential Employers that the report contained public record information indicating that Plaintiff had 19 criminal charges on her record, or alternatively, by failing to maintain strict procedures designed to ensure that said information was complete and up to date.

22.     15 U.S.C. § 1681i(a) provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

23.     Defendant violated § 1681i(a) by failing to conduct a reasonable investigation after Plaintiff submitted her dispute, including by failing to use any additional identifiers to confirm whether the 19 criminal charges were properly matched to Plaintiff.  Had it done Defendant would have discovered that the crimes on Plaintiffs reports were, in fact, attributable to a different individual.

24.     These failures directly caused the Potential Employers to reject Plaintiff, which has damaged Plaintiff.

25.     As a result of Defendant's violations of §§ 1681e(b), 1681k(a), and § 1681i(a) of

the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

2. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 21, 2019

Respectfully submitted,

By: __/s/ Sergei Lemberg_____

Sergei Lemberg, *Attorney-in-Charge*
Connecticut Bar No. 425027
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: slemberg@lemberglaw.com
Attorneys for Plaintiff